**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Evergreen Maintenance Center, Inc., an Oregon corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>Air Universal, Ltd. a Jordanian limited corporation,<br><br>        Defendant. | No. CV-10-1530-PHX-DGC<br><br>**ORDER** |

Plaintiff moves to compel arbitration. Doc. 12. For the reasons stated below, the Court will compel arbitration.

On July 20, 2010, Plaintiff Evergreen Maintenance Center, Inc. ("Evergreen") filed a complaint seeking to compel Defendant Air Universal Ltd. ("Air Universal") to arbitrate a dispute that arose after the parties entered into a binding settlement agreement. Doc. 1. The complaint alleges that Plaintiff is the wronged party in the dispute. *Id.* at 3. The complaint also alleges that the settlement agreement contains a dispute resolution clause whereby the parties are required to arbitrate disputes arising from "parts delivery issues." *Id.* at 4. The complaint further alleges that the current dispute is a parts delivery issue. *Id.*

Plaintiff moved on August 12, 2010 to compel Defendant to submit to arbitration. Doc. 12. Plaintiff asserts that it notified Defendant of Plaintiff's intent to arbitrate the dispute, that Defendant responded by expressing its intent to contest arbitrability, that subsequently Defendant's counsel indicated Defendant will likely agree to arbitration, and that Defendant has not yet formally stipulated to arbitration. *Id.* Defendant responded on

August 26, 2010, by asserting that Plaintiff's motion is premature on account of Defendant's answer not yet being due. Doc. 14. Defendant also asserted that it had previously informed Plaintiff of its agreement to arbitrate, and sought to dismiss the motion as moot. *Id*. In its reply on September 2, 2010, Plaintiff maintains that it still wants this Court to compel arbitration because Defendant has not agreed to Plaintiff's proposed stipulation to arbitrate. Doc. 15. In an objection to Plaintiff's reply, filed on September 27, 2010, Defendant asserts that it had countered by email Plaintiff's proposed stipulation with its own stipulation on September 1, prior to Plaintiff filing its reply with this Court. Doc. 18 at 2. The motions have been fully briefed. Docs. 12, 14, 15.[1] Defendant also filed an answer to the complaint on September 24, 2010, where it explicitly does not contest arbitration. Doc. 17.

This case represents a wholly unnecessary lawsuit over a non-dispute. Defendant does not contest arbitration, but neither have the parties succeeded in the relatively simple task of commencing the arbitration proceeding. Because "[f]ederal policy favors arbitration," *Davis v. O'Melveny & Myers*, 485 F.3d 1066, 1072 (9th Cir. 2007), and further litigation in this Court would be a waste of time and resources, the Court will compel arbitration. Both sides should think more seriously in the future before multiplying litigation and costs unnecessarily.

**IT IS ORDERED:**

1. Plaintiff's motion to compel arbitration (Doc.12) is **granted**;
2. The parties shall commence arbitration proceedings by **November 12, 2010**.
3. The Clerk is directed to terminate this action.

DATED this 18th day of October, 2010.

*David G. Campbell*
———————————————
David G. Campbell
United States District Judge

---

[1] Plaintiff's request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

- 2 -